E-FILED: **10/29/09**

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Paul Jolivette,<br><br>　　　　Petitioner,<br><br>　v.<br><br>People of the State of California,<br><br>　　　　Respondent. | CASE NO. CV 08-189-GHK<br><br>**ORDER DECLINING TO RULE ON MOTION FOR RELIEF FROM AN ORDER PURSUANT TO FEDERAL RULE CIVIL PROCEDURE RULE 60(b)** |

　　　　On May 13, 2009, we issued an Order Denying the Petition for Writ of Habeas Corpus ("Order").  Petitioner filed a Notice of Appeal and Request for Certificate of Appealability ("COA") on July 17, 2009.  This matter is now before us on Petitioner Paul Jolivette's ("Petitioner") Motion for Relief from an Order ("Motion") pursuant to Federal Rule of Civil Procedure 60(b), filed on September 23, 2009.  The filing of a Notice of Appeal divests us of jurisdiction. *See Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) (*per curiam*) ("The filing of a notice of appeal is an event of jurisdictional significance-it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."); *Stein v. Wood*, 127 F.3d 1187, 1189 (9th Cir. 1997) ("As a general rule, the filing of a notice of appeal divests a district court of jurisdiction over those aspects of the case involved in the appeal.") (citations omitted).  As we have been stripped of

jurisdiction, we may not rule on Petitioner's Motion. Federal Rule of Appellate Procedure 4(a)(4)(A)(vi) would have allowed us to consider a motion "for relief under Rule 60 if the motion [had been] filed no later than 10 days after the judgment [was] entered." This would have been true even if the Motion had been filed *after* the Notice of Appeal. *See* Fed. R. App. P. 4(a)(4)(B)(i) ("If a party files a notice of appeal after the court announces or enters a judgment--but before it disposes of any motion listed in Rule 4(a)(4)(A)--the notice becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered."). However, Petitioner filed his Rule 60(b) Motion on September 23, 2009, more than four months after we issued our Order on May 13, 2009.

Accordingly, Petitioner did not timely file his Motion in accordance with Federal Rule of Appellate Procedure 4(a)(4)(A)(vi). Therefore, we lack jurisdiction and therefore **DECLINE** to rule on Petitioner's Motion.

**IT IS SO ORDERED.**

DATED: October 29, 2009

_____
GEORGE H. KING
United States District Judge[1]

---

[1] United States District Judge for the Central District of California sitting by designation.